BJR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SOUHAIL ENNASSER and
EHAB LABIB,

        Defendants.

- - - - - - - - - - - - - - - - -X

COMPLAINT

(T. 21, U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

      GRADY M. MARSHALL, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS"), duly appointed according to law and acting as such.

      Upon information and belief, on or about March 14, 2005, within the Eastern District of New York and elsewhere, the defendants SOUHAIL ENNASSER and EHAB LABIB did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing hashish, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

      (Title 21, United States Code, Section 846.)

2

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Special Agent with the USSS for approximately three-and-a-half years. The statements contained in this affidavit are based on my personal observations and interviews, information provided by special agents of the USSS, the Bureau of Immigration and Customs Enforcement and other law enforcement officers and my experience and background as a Special Agent of the USSS. In addition, some of the information contained in this affidavit has been provided to me by a cooperating witness ("CW"), whose information has proven reliable. The statements set forth below are recounted in sum and substance and in part only, unless otherwise indicated.

2. On or about March 9, 2005, the CW spoke to defendant EHAB LABIB by telephone. This conversation was recorded with the consent of the CW. During the conversation, defendant LABIB said he was willing to provide the CW with hashish and heroin because he was desperate for money. The CW and defendant LABIB agreed to meet the following day.

3. On or about March 10, 2005, the CW and defendant EHAB LABIB met at a location in Queens, New York. During the meeting, defendant LABIB said that he was willing to supply the CW with a quantity of hashish, and that he could get the CW a sample of hashish that night. Defendant LABIB also said that he could do a heroin deal, but stated that he would need time to put it together.

4.  Later that same day, the CW and defendant EHAB LABIB had a second meeting in Queens, New York. This meeting was recorded with the consent of the CS, and law enforcement officers conducted both physical and video surveillance of the meeting. During the meeting, defendant LABIB said that he could supply the CW with hashish at approximately $7,000 per kilogram, which the CW could resell for approximately $8,700 to $9,000 per kilogram. Defendant LABIB then said that he needed to call his supplier and, after borrowing the CW's cellular telephone, used it to call someone at telephone number (646) 662-6852. Defendant LABIB subsequently went into a building located at 25-35 Steinway Street and emerged a short time later. After coming out of the building, defendant LABIB provided the CW with a sample of a substance that appeared to be hashish and which field-tested positive.

5.  On or about March 11, 2005, the CW and defendant EHAB LABIB met in Queens, New York. This meeting was recorded with the consent of the CW. During the meeting, defendant LABIB and the CW agreed to meet on the following Monday, at which time defendant LABIB was to provide the CW with a quantity of hashish and a sample of heroin. Defendant LABIB also stated that he was going to get the hashish from another individual who was going to come to the meeting with him.

6.  On or about March 14, 2005, law enforcement officers conducted surveillance of defendant EHAB LABIB prior to the time defendant LABIB was scheduled to meet with the CW to

conduct the hashish transaction. During the surveillance, law enforcement officers observed defendant LABIB with an individual who was subsequently identified as defendant SOUHAIL ENNASSER.

7. On or about March 14, 2005, defendant EHAB LABIB arrived at the previously-arranged meeting, as described in paragraph 5 above, at which time LABIB was arrested. A subsequent search of defendant LABIB's vehicle proved negative. After waiving his <u>Miranda</u> rights, defendant LABIB admitted to brokering a narcotics transaction and identified defendant SOUHAIL ENNASSER, the person whom law enforcement officers had observed him with earlier that night, as the hashish dealer. Defendant LABIB also agreed to place a telephone call to defendant ENNASSER and subsequently placed a telephone call to (646) 662-6852, the same telephone number defendant LABIB had called immediately prior to providing the CW with a hashish sample, as described in paragraph 4 above. Defendant LABIB also informed law enforcement officers that defendant ENNASSER stayed at an upstairs apartment at 25-35 Steinway Street, the building that defendant LABIB had entered and exited immediately prior to providing the CW with a hashish sample, as described in paragraph 4 above.

8. Law enforcement officers proceeded to 25-35 Steinway Street, where two residents of an apartment in the building confirmed that defendant SOUHAIL ENNASSER sometimes stayed with them. Both residents also gave consent for a search of the apartment, during which a New York State Police officer,

5

using a trained narcotics dog, uncovered approximately 1,200 grams of a substance that appeared to be hashish.

9.  Defendant SOUHAIL ENNASSER subsequently was arrested and, after waiving his Miranda rights, admitted that the hashish recovered from the apartment at 25-35 Steinway Street was his.  Defendant ENNASSER also admitted that he and defendant EHAB LABIB intended to sell that hashish.

WHEREFORE, your deponent respectfully requests that the defendants SOUHAIL ENNASSER and EHAB LABIB be dealt with according to law.

```
                                    _____
                                    GRADY M. MARSHALL
                                    Special Agent
                                    USSS
```

Sworn to before me this
15th day of March, 2005

_____
United States Magistrate Judge
Eastern District of New York